IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ROBERT C. THOMAS,

    Petitioner,

v.                                                      CASE NO. 5:14-cv-9-RS-GRJ

SECRETARY DEPARTMENT OF
CORRECTIONS,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by fling a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 that challenges two sentences imposed in Gulf County, Florida, in 1982. In case number 1982-8-CF, he entered a plea of guilty to one count of robbery, one count of burglary of an occupied conveyance, and one count of carrying a concealed firearm, and was sentenced to three terms of 15 years imprisonment, which ran concurrently. In case number 1982-37-CF, he pled guilty to one county of aggravated assault and one count of escape, and was sentenced to concurrent 15-year terms of imprisonment. The sentences in each case were consecutive to each other. Now pending before the Court is Respondent's motion to dismiss the Petition as time-barred. (Doc. 22.) Petitioner has filed a Response. (Doc. 27.) Upon due consideration of the motion to dismiss, the Petitioner's response, and the state-court record, the undersigned recommends that the motion to dismiss be granted.[1]

---

[1] Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted. *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

## **Procedural History**

Petitioner's state court procedural history is as follows: Petitioner was charged with one count each of robbery, burglary of an occupied conveyance, and carrying a concealed firearm in case number 1982-8-CF. (Doc. 22-1 at 21.) While awaiting trial, he was also charged with one count of escape and one count of aggravated assault in case number 1983-37-CF. (Doc. 22-1 at 27.) On May 17, 1982, Petitioner was sentenced to 15 years imprisonment for each of the three counts in case 1982-8-CF, to run concurrently. (Doc. 22-1 at 21-26.) The same day, he was sentenced to 15 years imprisonment for each of the two counts in case 1982-37-CF, to run concurrently with each other and consecutive to his sentence in case 1982-8-CF. (Doc. 22-1 at 27-31.) Petitioner did not take a direct appeal in either case. (Doc. 22 at 2.)

On September 28, 1983, Petitioner filed a *pro se* motion pursuant to Fla. R. Crim. P. 3.850. (Doc. 22-1 at 32-41.) In this motion, Petitioner represented that he had previously filed a motion pursuant to Rule 3.800(A), although this motion has not been produced by either Petitioner or Respondent. (Doc. 22-1 at 32.) The Court granted Petitioner's "motion pursuant to Rule 3.800(A)" on October 13, 1983.[2] (Doc. 22-1 at 44-45.)

After the state court granted his motion, Petitioner took no further action in his case until May 8, 2012, when he filed a *pro se* motion in state circuit court pursuant to Fla. R. Crim. P. 3.800(a). (Doc. 22-1 at 23-25.) The circuit court directed the State to

---

[2]The court reduced his sentence for carrying a concealed firearm from 15 years to 5 years, to run concurrently with the 15 year sentence imposed in case number 1982-8-CF, and his sentence for aggravated assault from 15 years to 5 years, to run concurrently with the 15 year sentence imposed in case number 1982-37-CF.

respond within sixty days on July 3, 2012. (Doc. 22-1 at 29.)  On July 12, 2012, Petitioner filed a "Motion to Compel the Court to Produce Records that Refute the Defendant's Claim," which was denied on August 17, 2012. (Doc. 22-1 at 31-33; Doc. 22-1 at 35-36.)  The State filed a response to Petitioner's motion on August 22, 2012. (Doc. 22-1 at 66-67.)

On August 23, 2012, Petitioner filed a supplement to his Rule 3.800(a) motion seeking to add a third ground for post-conviction relief that the trial court failed to comply with Florida Rules requiring that sentencing proceedings be recorded. (Doc. 22-1 at 69–77.)  The circuit court struck Petitioner's pleading because he failed to sign it and extended the State's time for filing a response until Petitioner submitted a signed pleading. (Doc. 22-1 at 78.)

On August 31, 2012, Petitioner filed a reply to the State's response to his Rule 3.800(a) motion and a motion for clarification regarding the order denying his motion to compel. (Doc. 22-1 at 88-89; Doc. 22-1 at 91-92.)  On September 10, Petitioner filed an "Amended Motion to Correct Unlawful Sentence," Doc. 22-1 at 94-98, and "Amended Supplemental to the Claim or Leave to Amend," Doc. 22-1 at 100-102.  The circuit court summarily denied his motion for clarification and Claims I and III of his Rule 3.800(a) motion on October 3, 2012, and directed the State to file a response to Claim II. (Doc. 22-1 at 104-108.)  The State filed its response on November 14, 2012, and the circuit court summarily denied Claim II on December 21, 2012. (Doc. 22-1 at 138-39; Doc. 22-1 at 141-42.)

Petitioner appealed the denial of his Rule 3.800(a) motion, proceeding *pro se,* and filed a initial brief and motion for clarification. (Doc. 22-1 at 179-80; Doc. 22-1 at

182-208; Doc. 22-1 at 210-12.)  His motion for clarification was denied by the First District Court of Appeal without discussion.  (Doc. 22-1 at 214.)  Petitioner filed a pleading titled "Judicial Notice," which was denied by order without discussion. (Doc. 22-1 at 216-219; Doc. 22-1 at 223.)

On June 26, 2013, the State filed a notice that it would not file an answer brief to Petitioner's appeal of the denial of his Amended Rule 3.800(a) motion. (Doc. 22-1 at 225-227.)  The First District Court affirmed *per curiam* the circuit court's denial of Petitioner's Amended Rule 3.800(a) motion without opinion.  (Doc. 22-1 at 229.)  Mandate issued September 17, 2013. (Doc. 22-1 at 230.)

Petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on January 13, 2014. (Doc. 1.)

## The Petition is Time-Barred

In accordance with the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, Section 2244 of Title 28, United States Code, provides a one-year time limitation period for a prisoner that wants to file a petition for writ of habeas corpus.  This one-year period runs, inter alia, from the date that the conviction becomes final on direct review.  28 U.S.C. § 2244 (d)(1)(A).  The one-year limitations period is statutorily tolled during the pendency of a properly-filed state application for post conviction relief, and may be equitably tolled in appropriate "extraordinary circumstances."  28 U.S.C. § 2244(d)(2); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000).

For petitioners whose convictions became final prior to the effective date of the AEDPA, the one-year limitations period runs from the AEDPA's effective date of April 24, 1996 to April 23, 1997. *Wilcox v. Fla. Dep't of Corr.*, 158 F.3d 1209 (11th Cir.1998).

Accordingly, a petitioner must file a petition for writ of habeas corpus by April 23, 1997, unless a properly filed state postconviction motion was pending before April 23, 1997. *Hurley v. Moore*, 233 F.3d 1295, 1296 (11th Cir. 2000).

Petitioner's conviction became final on June 16, 1982, when the thirty day time limit for filing an appeal from his judgment and sentence expired. *See* Fla. R. App. P. Rule 9.140(b)(3). Thus, Petitioner needed to file his petition for writ of habeas corpus by April 23, 1997, unless he properly filed a state postconviction motion before that time. Petitioner did not file a state postconviction motion until May 8, 2012, when he filed his Rule 3.800(a) motion. (Doc. 22-1 at 23-25.) On May 8, 2012, when Petitioner filed his Rule 3.800(a) motion, the one year time limitation period for filing a federal petition for writ of habeas corpus had expired on April 23, 1997, more than fifteen years before Petitioner sought post conviction relief in state court. Because the motion was filed after AEDPA's one-year limitations period had expired, the motion did not toll the limitations period. *Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000).

Accordingly, because Petitioner did not file the instant habeas petition until more than fifteen years after the limitations period already had expired, his petition is due to be dismissed as time-barred.

## Petitioner is Not Entitled to Equitable Tolling

"Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition." *Helton v. Sec'y for Dept' of Corr.,* 259 F.3d 1310, 1312 (11th Cir. 2001). It is "an extraordinary remedy which is typically

applied sparingly." *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew v. Dept. of Corr.,* 297 F.3d 1278, 1286 (11th Cir. 2002). To demonstrate entitlement to equitable tolling, a petitioner must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005)).

Petitioner does not argue that he is entitled to equitable tolling. Furthermore, as Respondent points out, the grounds on which Petitioner seeks relief all relate to his sentencing on May 17, 1982. Any alleged violations would be known to Petitioner directly after his sentencing, or easily discoverable with due diligence, and yet he failed to raise these grounds for nearly 30 years. Petitioner has not made a showing that this delay was the result of extraordinary circumstances or that he has diligently pursued any relief. Accordingly, Petitioner is not entitled to equitable tolling.

**The "Actual Innocence" Exception to the Limitations Period Does Not Apply**

In his response to Respondent's motion to dismiss, Petitioner makes conclusory assertions that he is "actually innocent" as a basis for having his claims adjudicated on the merits. However, this is not enough to invoke the "actual innocence" exception to the expiration of the limitations period. To satisfy the "actual innocence" exception to the AEDPA's one-year time limit, a petitioner is required (1) to present new reliable evidence that was not presented at trial, and (2) to show that it is more likely than not that "no reasonable juror would have found petitioner guilty beyond a reasonable doubt" in light of the new evidence. *Rozzelle v. Sec'y, Fla. Dep't of Corr.*, 672 F.3d 1000, 1011

(11th Cir. 2012) (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)).  To be credible, "such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial."  *Schlup*, 513 U.S. at 324.

In the instant case, Petitioner alleges no facts that would give rise to the actual innocence exception.  Petitioner presents four grounds for relief in the § 2254 petition: (1) that he had no counsel at sentencing; (2) there is no record of his alleged waiver at sentencing of "three important federal rights;" (3) he was denied his right to a sentencing transcript; and (4) the sentencing hearing was not recorded. (Doc. 1.)  None of these claims or assertions are based upon newly discovered evidence. Rather, each of these grounds were known or could have been known to Petitioner thirty years ago in the exercise of due diligence. Therefore, the absence of any new reliable evidence is fatal to Petitioner's claim that he may avoid the statute of limitations based upon the actual innocence gateway.  *Rozzelle*, 672 F.3d at 1011; *see also Bruno v. Tucker*  2012 WL 5307931, *6 (N.D. Fla. 2012) (unpublished).[3]

## Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be

---

[3]Although unpublished opinions are not binding on this Court, they are persuasive authority.  11th Cir. R. 36-2.

*Case No: 5:14-cv-9-RS-GRJ*

filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED:**

1. Respondents' Motion to Dismiss Petition For Writ of Habeas Corpus, Doc. 22, should be **GRANTED** and the petition for writ of habeas corpus, Doc. 1, should be **DISMISSED**.

2.  A certificate of appealability should be **DENIED.**

IN CHAMBERS  this 31st  day of March 2015.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

*Case No: 5:14-cv-9-RS-GRJ*